**Opinion issued January 14, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00207-CR**

————————————

**HELTON MANUEL BARAHONA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1346283**

**MEMORANDUM OPINION**

Appellant, Helton Manuel Barahona, pleaded guilty, without an agreed recommendation, to the felony offense of aggravated robbery. The trial court found appellant guilty and assessed punishment at 12 years' confinement. The trial

court certified that appellant has the right to appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an Anders brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the Anders requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed us that he has delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has filed a pro se response in which he argues that his attorney promised that he would be sentenced to community supervision, that the prosecutor used information that he offered while recovering from anesthesia, and that

"modifications of [his] statement of what truly [occurred] the night of the crime could have resulted in an [inappropriate] sentencing." Appellant does not identify anything in the record supporting these contentions, nor does he identify the information, statement, or alleged modifications to a statement to which he refers. Furthermore, he signed a judicial confession and does not argue that he did so involuntarily or while incapacitated. We note that he also acknowledged a judicial admonition that he might receive any sentence of confinement within the statutorily permitted range.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motions to withdraw.[1]  Attorney Franklin Bynum must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[1]  Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).